IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOBSCIENCE, INC,

    Plaintiff,

  v.

CVPARTNERS, INC, et al.,

    Defendants.

No. C 13-04519 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT**

In this copyright infringement action involving a recruiting software license, defendants move to dismiss all claims in the first amended complaint under FRCP 12(b)(6). For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Plaintiff Jobscience, Inc. develops and licenses recruiting software applications. Defendants are individuals and entities alleged to have copied Jobscience's software application, which was licensed to defendant CVPartners, Inc. The theory in the operative first amended complaint (Dkt. No. 15) is that:

> Defendants licensed Jobscience's software application and then conspired to misappropriate Plaintiff Jobscience's proprietary and confidential trade secrets, by gaining access through fraud and deceit, intentionally copying Jobscience software, recreating infringing software applications, creating alter ego limited liability companies to shield themselves, and then selling the product of their conspiracy for illicit financial gain to the detriment of Jobscience.

(Compl. ¶ 1).

According to the complaint, plaintiff created a software application called "Jobscience;" the relevant additions include JS 2 Jobscience Recruiting Package Version 4.01.19 (2012) and JS 2 Jobscience Recruiting Package Version 2.01 (2009), both subjects of copyrights. In September 2010, defendant CVPartners executed a Master Agreement, with a End User License and Agreement (EULA), to license plaintiff's software application. The agreement was renewed in August 2011. The complaint alleges that defendant Brandon Metcalf, formerly Senior Director of Technology at CVPartners:

> fraudulently induced Plaintiff to give him access to Jobscience software code, processes and methods, by requesting such access under the guise that he would access such code for the purpose consistent with the Agreement and the confidentiality provisions thereof. Metcalf gained access to Plaintiff's trade secrets consisting of software code and other proprietary information . . . . After accessing the code through fraudulent means, by misrepresenting his intent and purpose, Defendants reverse engineered, copied and converted for Defendants' own use, the Jobscience copyrighted software application and its elements.

(Compl. ¶ 27). In November 2011, defendant Skipan SAAS LLC was formed, with Brandon Metcalf as COO. In January 2012, defendant Skipan LLC was formed. "[I]n a matter of months, Defendants were allegedly able to create and market a software application that took Jobscience several years and millions of dollars in investment to create and perfect." In August 2012, CVPartners provided notice that they were terminating the license. Plaintiff thereafter discovered a "replica of the Jobscience job board" on CVPartners' website. "The job board, which was one of the functional elements of Plaintiff's software solution, was so similar to Jobscience that Jobscience's own employees were fooled to believe that the Jobscience job board was still up on the CVPartners website" (Compl. ¶¶ 21, 22, 24, 25, 28, 30, 34, 35).

The complaint alleges thirteen claims for relief: (1) copyright infringement, (2) breach of contract, (3) intentional interference with economic relations, (4) negligent interference with economic relations, (5) misappropriation of trade secrets, (6-7) unfair competition, (8) fraud and deceit, (9) negligent misrepresentation, (10) conversion, (11) breach of the implied covenant of good faith and fair dealing, (12) conspiracy, and (13) constructive trust.

On December 3, defendants moved to dismiss with prejudice all claims, as well as "the assertion of alter-ego liability" in the first amended complaint pursuant to FRCP 12(b)(6).

2

**ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation."

**COPYRIGHT INFRINGEMENT (COUNT I).**

Defendants argue that the complaint fails to state a claim for copyright infringement. To plead copyright infringement, plaintiff must plead (1) ownership of a valid copyright and (2) copying of protected expression by the alleged infringers. *See Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The second element may be established by showing that the works in question are substantially similar in their protected elements and that the alleged infringers had access to the copyrighted works. *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003).

The parties do not dispute that the first element is adequately pled. Jobscience obtained copyright certificates for JS 2 Jobscience Recruiting Package Version 4.01.19 and JS 2 Jobscience Recruiting Package Version 2.01.

The issue is whether the second element is adequately pled. Defendants argue that the complaint fails to allege (1) what each defendant allegedly infringed and how their actions constitute infringement, (2) access to works entitled to copyright protection, and (3) virtual identity of works entitled to copyright protection (Br. 5–7). Defendants also argue that plaintiff's concede that the job board "was one of the functional elements of Plaintiff's software solution" and functional elements of software are not protected under the Copyright Act (Compl. ¶ 35). *Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1523–24 (9th Cir. 1992).

This order finds sufficient facts in the complaint to state a plausible claim of copyright infringement. The complaint alleges that defendants infringe Jobscience's software application:

3

"JS 2 Jobscience Recruiting Package Version 2.01 in 2009, Version 4.01.19 in 2012, and Version 4.400.1 in 2013." The allegedly infringing work is Talent Rover. Defendants allegedly copied, developed derivative works, and sold Talent Rover "in direct competition with Jobscience." Defendant CVPartners' website contains a "replica of the Jobscience job board," which "was so similar to Jobscience that Jobscience's own employees were fooled to believe that the Jobscience job board was still up on the CVPartners website," after CVPartners terminated the license. Defendants obtained access to plaintiff's software application by virtue of CVPartners' license with Jobscience (Compl. ¶ 17, 27, 30, 32, 35). This suffices.

Accordingly, defendants' motion to dismiss the copyright infringement claim is **DENIED**.

**BREACH OF CONTRACT (COUNT II).**

Defendants argue that the complaint fails to plead sufficient facts to state a claim for breach of contract. As a threshold matter, the parties disagree about who the complaint alleges is liable for breach of contract. Plaintiff states that it "has alleged breach of contract against all of the Defendants and has, in addition, alleged a theory of liability based on alter ego" (Opp. 10). Not so. The complaint unambiguously alleges breach of contract "against Defendants CVPartners, Gray and Metcalf" — not all defendants (Compl. ¶ 15). Moreover, of the three defendants, defendants only challenge the breach of contract claim as applied to defendants Gray and Metcalf, not CVPartners (Br. 7–8). This order, therefore, addresses the breach of contract claim against Gray and Metcalf only.

Plaintiff alleges that Gray and Metcalf are directly liable for breach of contract because "as users of the software [in question], Defendants [Gray and Metcalf] were also subject to an End User License and Agreement containing license terms and conditions including confidentiality provisions . . . ." The complaint states that all alleged wrongdoings are breaches of both the Master Agreement and the EULA (Compl. ¶¶ 21, 22, 45, 62).

To plead a claim for breach of contract, plaintiff must allege sufficient facts to show: (i) the existence of a contract; (ii) plaintiff's performance or excuse for failure to perform; (iii) defendant's breach; and (iv) resultant damage to plaintiff. *Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1387 (2010). Here, plaintiff alleges that it provided services to defendants under

4

the agreement, but "[e]very user of the Jobscience service by using the service consents to the End User License Agreement, including Defendants Gray and Metcalf" and "Defendants intentionally breached its contractual obligations to Plaintiff, under the confidentiality provisions of the Agreement . . . " (Compl. ¶¶ 33, 39, 45, 66). As a result of the alleged breach of contract, "Plaintiff has been damaged and continues to be damaged in an amount to be proven at trial." These allegations are sufficient to survive defendant's motion to dismiss the breach of contract claim, which is **DENIED**.

### INTERFERENCE CLAIMS (COUNTS III AND IV).

Plaintiff's third and fourth claims for relief against defendants Gray, Metcalf, Skipan LLC, and Skipan SAAS are titled "intentional interference with economic relations" and "negligent interference with economic relations." In the opposition, plaintiff argues that these torts are "subsumed under 'interference with economic relations' (interference with contractual relations, interference with prospective economic advantage and negligent interference with prospective economic advantage)" (Opp. 12).

Our court of appeals has stated:

> In California, the elements of the tort of intentional interference with prospective economic advantage are: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional [wrongful] acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

*Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008). The elements of the tort of negligent interference with prospective economic advantage are similar and outlined in *N. Am. Chem. Co. v. Superior Court*, 59 Cal. App. 4th 764, 786 (1997). Liability for negligent conduct may only be imposed where there is a duty of care owed by the defendant to the plaintiff or to a class of which the plaintiff is a member. *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 803 (Cal. 1979).

Plaintiff's interference claims cannot survive. The complaint fails to plead the existence of an economic relationship with any third party, defendants' knowledge of any of those parties,

5

defendants' actual disruption of the economic relationship, negligence, among other elements of interference. *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 956 (N.D. Cal. 2003) (Judge Marilyn Hall Patel). Plaintiff also cannot merely assert that it "has been damaged in an amount to be established according to proof at trial," but rather must assert particularized factual allegations, including specific economic relationships that defendants disrupted.

Accordingly, plaintiff's interference claims are **DISMISSED.**

**TRADE SECRETS (COUNT V), UNFAIR COMPETITION (COUNTS VI AND VII), AND CONVERSION (COUNT X).**

Defendants argue that plaintiff's misappropriation of trade secrets, unfair competition, and conversion claims are preempted by the Copyright Act. This order agrees. Section 301(a) states:

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. 301(a). Preemption applies if the content of the protected right falls within the subject matter of the Copyright Act and the rights asserted under state law are equivalent to those protected by the Copyright Act. *Sybersound Records*, 517 F.3d at 1150.

Plaintiff's misappropriation of trade secrets claim is based on the same nucleus of facts as the copyright infringement claim. The complaint alleges that defendant Metcalf "gained access to Plaintiff's trade secrets consisting of software code and other proprietary information." "Plaintiff invested substantial time, money, and skill in developing its proprietary software applications, software code, methods and other trade secrets. Defendants spent very little time and effort in converting those same software applications for their own use" (Compl. ¶¶ 27, 82).

To plead a claim for trade secret misappropriation under the California Uniform Trade Secrets Act (CUTSA), California Civil Code 3426, *et seq*., the complaint must assert (1) the existence of a trade secret, and (2) misappropriation of the trade secret. Trade secret means:

> information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain

6

>economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

California Civil Code 3426.1. Plaintiff has not pled the existence of a trade secret. Simply referring to "proprietary software applications" — which serve as the basis for plaintiff's copyright infringement claim — and vague "software code, methods and other trade secrets" cannot suffice. Indeed, plaintiff cannot show efforts to maintain privacy of the so-called trade secret because it received copyrights for its software applications. Plaintiff's misappropriation of trade secrets claim is thus preempted by the Copyright Act.

Defendants also argue that the unfair competition and conversion claims are preempted. This too is correct. Plaintiff alleges that defendants "misappropriat[ed] and conver[ted] Plaintiff's software application for their own use" and "stole and converted Plaintiff's proprietary software applications" (Compl. ¶¶ 91, 98, 122). These conclusory allegations fail to show claims of unfair competition and conversion based on facts distinct from the copyright infringement claim.

Accordingly, plaintiff's claims for misappropriation of trade secrets, unfair competition, and conversion are **DISMISSED**.

**FRAUD AND DECEIT (COUNT VIII) AND NEGLIGENT MISREPRESENTATION (COUNT IX).**

Defendants argue that plaintiff's fraud and deceit and negligent misrepresentation claims fail to meet the heightened pleading requirements under FRCP 9(b). Rule 9(b) states "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (internal quotation marks and citations omitted). Plaintiff's complaint is entirely inadequate in this regard. The complaint alleges that:

>Defendants made material misrepresentations of fact and omitted to state material facts with the knowledge that such statements, and/or omissions, were false and/or misleading. In particular, Defendants induced Plaintiff to share Plaintiff's trade secrets, obtaining access to proprietary software code by misrepresenting the purpose for access to the code and concealing the Defendants' intent to teal

7

> [sic] and convert Plaintiff's proprietary software and design to produce, manufacture, distribute, and sell copied and derivative works for their own account.

(Compl. ¶ 104). The first sentence is again parroted in plaintiff's negligent misrepresentation claim (Compl. ¶ 113). Plaintiff's complaint is devoid of any specific allegations of who, what, when, where, and how the allegedly fraudulent conduct occurred. All that is stated is that defendant Brandon Metcalf "fraudulently induced Plaintiff to give him access to Jobscience software code, process and methods, by requesting such access under the guise that he would access the code for the purpose consistent with the Agreement and the confidentiality provisions thereof" (Compl. ¶ 27). This falls below the heightened pleading requirements of FRCP 9(b). No particularized allegations surrounding the circumstances of the alleged fraudulent conduct by each specific defendant are made.

Accordingly, plaintiff's claims for fraud and deceit and negligent misrepresentation are **DISMISSED**.

Defendants also argue that plaintiff's tort claims for interference, unfair competition, fraud and deceit, and negligent misrepresentation should be dismissed under the contract-tort transmutation bar because plaintiff fails to allege an independent duty arising from principles of tort law to support these claims. Plaintiff never substantively responded to this argument. It is, however, unnecessary to reach this argument for the reasons stated above.

**BREACH OF THE IMPLIED COVENANT (COUNT XI).**

Our court of appeals has held that "[g]enerally, no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise [under California law] unless the parties are in a 'special relationship' with 'fiduciary characteristics' . . . [t]hus, the implied covenant tort is not available to parties of an ordinary commercial transaction where the parties deal at arms' length." *Pension Trust Fund v. Fed. Ins. Co.*, 307 F.3d 944, 955 (9th Cir. 2002). Defendants argue that plaintiff fails to plead sufficient facts to show a "special relationship with fiduciary characteristics" (Br. 23). The opposition does not respond to this argument.

A variety of factors are considered when determining whether a special relationship with fiduciary characteristics exists, including:

8

> whether the parties were in unequal bargaining positions, whether the damaged party entered the contract for a nonprofit motive, whether ordinary contract damages were inadequate, whether one party is especially vulnerable because of the type of harm it may suffer and the adhesive nature of a contract requires the damaged party to place trust in the other to perform, and the other party knew of the vulnerability.

*Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App. 3d 726, 733 (1989). Plaintiff has not pled sufficient facts to show any of these or similar factors in the complaint.

Thus, plaintiff's claim for breach of the implied covenant of good faith and fair dealing is **DISMISSED**.

### **CONSPIRACY (COUNT XII) AND CONSTRUCTIVE TRUST (COUNT XIII).**

As a threshold matter, civil conspiracy is not a separate and distinct cause of action under California law. *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997), cert. denied, 523 U.S. 1021 (1998). Plaintiff's reliance on *Neblett v. Elliott,* 46 Cal. App. 2d 294, 295 (1941), is unavailing because that was a libel decision. Plaintiff's conspiracy claim is **DISMISSED WITHOUT LEAVE TO AMEND.**

Similarly, constructive trust is not a claim for relief. *See Malfatti v. Mortgage Elec. Registrations Sys.*, No. 11-cv-03142-LB, 2011 WL 5975055, at *3 (N.D. Cal. Nov. 29, 2011). Plaintiff's claim for constructive trust is **DISMISSED WITHOUT LEAVE TO AMEND.**

### **CONCLUSION**

In sum, defendants' motion to dismiss the copyright infringement and breach of contract claims are **DENIED**. Plaintiff's interference, misappropriation of trade secrets, unfair competition, conversion, and breach of implied covenant of good faith and fair dealing are **DISMISSED**. Plaintiff's conspiracy and constructive trust claims are **DISMISSED WITHOUT LEAVE TO AMEND**.

It is premature to outright grant leave to amend at this point because it is not entirely clear how and if the deficiencies in the first amended complaint can be cured. Plaintiff may file a motion for leave to amend the first amended complaint (except as to those dismissed without leave to amend), if supportable, within **FOURTEEN CALENDAR DAYS** of this order, noticed on a 35-day track. The motion should specifically detail how deficiencies outlined in this order can be cured and append the proposed second amended complaint (and a redline showing the proposed

changes). Plaintiff, of course, can decide not to file a motion for leave to amend the first amended complaint and proceed on the copyright infringement claim against all defendants and breach of contract claim against defendants CVPartners, Inc., Kent Gray, and Brandon Metcalf.

**IT IS SO ORDERED.**

Dated: January 9, 2014.


WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

10