IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOBSCIENCE, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>CVPARTNERS, INC., a California Corporation; SKIPAN, LLC, a Delaware Limited Liability Company; SKIPAN SAAS, LLC, d.b.a. TALENT ROVER, a Delaware Limited Liability Company; BRANDON METCALF, an individual; KENT GRAY, an individual; and DOES 1–100,<br><br>    Defendants.| No. C 13-04519 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |

## INTRODUCTION

In this copyright infringement action involving a recruiting software license, plaintiff moves to file a second amended complaint. For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Plaintiff Jobscience, Inc., develops and licenses recruiting software applications. Defendants are individuals and entities alleged to have copied Jobscience's software application, which was licensed to defendant CVPartners, Inc. The facts have been summarized in a previous order (Dkt. No. 29).

On December 3, 2013, defendants moved to dismiss all claims in the first amended complaint pursuant to Rule 12(b)(6). That motion was denied as to plaintiff's copyright infringement and breach of contract claims and granted as to plaintiff's interference,

1  misappropriation of trade secrets, unfair competition, conversion, and breach of implied covenant
2  of good faith and fair dealing claims.

3  Plaintiff now moves to amend the complaint for a second time and assert four additional
4  claims: (1) breach of implied covenant of good faith; (2) constructive fraud; (3) unfair
5  competition; and (4) misappropriation of trade secrets. This order follows full briefing and oral
6  argument.

**ANALYSIS**

**1. BREACH OF IMPLIED COVENANT.**

Plaintiff's amended claim for breach of implied covenant is brought against defendants CVPartners, Brandon Metcalf, and Kent Gray. Plaintiff alleges that defendants created a fiduciary duty to disclose to plaintiff any conflict of interest, including the formation of a competing entity in Skipan SAAS (Second Amd. Compl. ¶ 99).

"Before a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 385 (2008) (citation omitted). A fiduciary duty is imposed by law if, for example, parties undertake a joint venture or partnership. "[A] fiduciary relationship is not necessarily created simply when one party, in exchange for royalty payments, entrusts a secret invention to another party to develop, patent, or market the eventual product." *Id.* at 389. Factors relevant to the determination of whether a contract created a fiduciary relationship are: (1) whether the contract was between two sophisticated parties of substantial bargaining power; (2) whether the parties were represented by counsel throughout the contract negotiations; (3) whether the contract specified that the parties' relationship was not of the type in which fiduciary obligations are imposed by law; (4) whether one party's reliance on the other was "so substantial as to give rise to equitable concerns;" and (5) whether the information exchanged by contract was secret. *Id.* at 389–91.

Here, plaintiff admits in its moving papers that the contract between the parties was not intended to create a fiduciary relationship: "This Agreement does not create a partnership,

2

franchise, joint venture, agency, *fiduciary*, or employment relationship between the parties" (Reply Br. 9, *citing* the master subscription agreement) (emphasis added). Instead, the second amended complaint alleges that:

> By entering into the Agreement and then renewing the Agreement after having formed the competing business . . . Defendants CVPartners, Gray and Metcalf took on a fiduciary obligation to Jobscience to protect the confidential information of Jobscience from disclosure to, and misuse by, Skipan SAS.
>
> \*          \*          \*
>
> . . . by entering into an agreement to maintain the confidentiality of Plaintiff's confidential information, [defendants] created a fiduciary duty to disclose to Plaintiff any conflict of interest, including the formation of a competing entity by CVPartners, Metcalf and Gray in Skipan SAAS. By failing to disclose material facts, and by breaching the terms of the Agreement, Defendants CVParnters, Metcalf and Gray, breached the covenant of good faith and fair dealing implied as a matter of law in their agreement with Plaintiff.

(Second Amd. Compl. ¶¶ 50, 99).

Plaintiff appears to rely exclusively on one of the *City of Hope* factors: that the information exchanged by contract was secret. Contract provisions to maintain the confidentiality of a licensed technology are not rare, however, and nothing in the complaint indicates that defendants entered into the licensing agreement with the view of acting "primarily for the benefit" of plaintiff. *See Portney v. CIBA Vision Corp.*, No. 07-0854, 2008 WL 5505517, at \*4 (C.D. Cal. July 17, 2008) (Judge Andrew Guilford). Nor does plaintiff allege an imbalance of bargaining power, that it lacked representation by counsel, or that its reliance on defendants was "so substantial as to give rise to equitable concerns." *City of Hope Nat'l Med. Ctr.*, 43 Cal. 4th at 389. Most importantly, plaintiff does not dispute that the contract specified that there would be no fiduciary duty between the parties (Reply Br. 9). Assuming that all of the allegations in the complaint are true and drawing all reasonable inferences in its favor, plaintiff has not pled sufficient facts to show that a fiduciary duty existed between the parties. Thus, plaintiff's motion to amend the complaint to add a claim for breach of implied covenant of good faith and fair dealing is **DENIED**.

3

### 2.   CONSTRUCTIVE FRAUD.

Plaintiff moves to bring a claim for constructive fraud against defendants CVParnters, Gray, and Metcalf.  Plaintiff alleges that those defendants "entered into both a confidential and fiduciary relationship by entering into the confidential obligations of the Agreement with Plaintiff" (Second Amd. Compl. ¶ 89).  Defendants allegedly caused damage to plaintiff's business by failing to disclose to plaintiff that they had formed a competing entity, to which they were disclosing plaintiff's confidential information (*ibid.*).

To state a claim for constructive fraud under California law, a party must allege:  (1) a fiduciary or confidential relationship; (2) an act, omission or concealment involving a breach of that duty; (3) reliance; and (4) resulting damage." *Dealertrack, Inc. v. Huber*, 460 F.Supp.2d 1177, 1183 (C.D. Cal. 2006) (Judge Andrew Guilford).  "Constructive fraud is a unique species of fraud applicable only to a fiduciary or *confidential relationship*." *Assilzadeh v. California Fed. Bank*, 82 Cal.App.4th 399, 414 (2000) (emphasis added).

"A confidential relationship exists when one party gains the confidence of the other and purports to act or advise with the other's interest in mind." *Younan v. Equifax Inc*., 111 Cal.App.3d 498, 517 n.15 (1980).  "The existence of a confidential relationship is generally a question of fact." *Tyler v. Children's Home Soc'y*, 29 Cal.App.4th 511, 549 (1994).  In addition, a claim for constructive fraud must be pled subject to the particularity requirements of Rule 9(b).

This order finds that plaintiff has pled with the heightened particularity required of Rule 9(b) that defendants gained an advantage over plaintiff by their breach of duty.  Plaintiff alleges that defendants failed to disclose material facts, namely that defendants should have disclosed to plaintiff that they had already formed an entity to compete with plaintiff, while at the same time "enter[ing] into a renewal of the Agreement with Plaintiff" (Second Amd. Compl. ¶ 90).  If plaintiff had learned such facts, it would have "end[ed] the relationship and limit[ed] the damage to plaintiff's business" (*ibid.*).  "Regarding concealment claims, the plaintiff may establish this element by showing that had the omitted information been disclosed, [it] would have been aware of it and behaved differently." *OCM Principal Opportunities Fund v. CIBC World Markets Corp.*, 157 Cal. App. 4th 835, 864 (2007).  The proposed amended complaint alleges that

4

defendants shared plaintiff's confidential information with a competitor, in violation of a nondisclosure agreement between the parties. Had defendants fully disclosed their intentions to breach the contract and form a competing entity, plaintiff allegedly would have behaved differently "by ending the agreement." Accordingly, plaintiff states a claim for constructive fraud under California law and the motion to amend the complaint to add a claim for constructive fraud is **GRANTED**.

Defendants argue that a confidential relationship did not exist between the parties and cite *Portney*, 2008 WL 5505517 at *4. *Portney* involved a contractual obligation to pay royalties and to maintain full and accurate records of royalties due. The district court held that the plaintiff did not plead sufficient facts to establish that a fiduciary or confidential relationship existed. *Id.* at *5. Yet *Portney* quoted *Dealertrack* for the constructive fraud standard, and *Dealertrack*, in turn, held the signing of a confidentiality agreement was sufficient to survive a motion to dismiss. *See Dealertrack, Inc.*, 460 F. Supp. 2d at 1183. Accordingly, this order finds that plaintiff has pled sufficient facts to at least survive the pleading stage.

### 3. UNFAIR COMPETITION.

Plaintiff's fourth claim for relief would allege that defendants CVPartners, Metcalf and Gray violated California's Unfair Competition Law. The UCL allows parties injured by any "unlawful, unfair or fraudulent business act or practice" to seek injunctive relief. Cal. Bus. & Prof. Code 17200, *et seq*. The California Supreme Court has given the term "unlawful" the following interpretation:

> The UCL covers a wide range of conduct. It embraces anything that can properly be called a business practice and that at the same time is forbidden by law . . . . Section 17200 "borrows" violations from other laws by making them independently actionable as unfair competitive practices.

*CRST Van Expedited, Inc. v. Werner Enterprises, Inc*., 479 F.3d 1099, 1107 (9th Cir. 2007). "Courts have held that where a claim is based on the 'identical nucleus' of facts as a trade secrets misappropriation claim, it is preempted by [the California Uniform Trade Secrets Act ('CUTSA')]." *Silicon Image, Inc. v. Analogix Semiconductor, Inc*., No. 08-2379, 2007 WL 1455903, at *9 (N.D. Cal. May 16, 2007) (Judge Joseph Spero).

5

Defendants argue that the unfair competition claim fails for two reasons: (1) plaintiff has not pled sufficient claims for breach of the implied covenant or constructive fraud and, thus, reliance on these claims for relief to form the basis of the unfair competition claim must fail; and (2) to the extent that the unfair competition claim relates to the "same nucleus of facts" underlying the trade secrets claim, it is preempted under CUTSA (Opp. 11–12).

This order finds that plaintiff adequately alleges violations of the UCL because the complaint's allegations are not limited to misappropriation of trade secrets. Plaintiff has adequately pled a claim for constructive fraud involving defendants' fraudulent promise to protect plaintiff's trade secrets, which is not in itself an element of plaintiff's trade secrets claim. Accordingly, the constructive fraud claim may serve as the basis for plaintiff's UCL claim and plaintiff's motion to amend the complaint to add a UCL claim is **GRANTED**. If there is not sufficient evidence, following discovery, to support plaintiff's fraud claim, however, defendants may move for summary judgement on the UCL claim at that time.

### 4. TRADE SECRETS.

In its first amended complaint, plaintiff's trade secret claim was dismissed for failure to plead the existence of trade secrets not preempted by the Copyright Act (Dkt. No. 29). Plaintiff has not made any argument as to why its trade secret claim based on its software code is not preempted by the Copyright Act. Accordingly, plaintiff's motion to amend the complaint to allege misappropriation of its software trade secrets is **DENIED**.

Now, in the proposed second amended complaint, plaintiff claims to have pled additional factual allegations as to its non-software based trade secrets. Specifically, plaintiff alleges that its trade secrets include:

> . . . manuals, training materials, contract terms, and conditions of service, its business model and pricing information, its marketing strategies, product design, the strategy, process and methods of integrating Plaintiff's product and services with the Salesforce.com platform, the strategy and functioning of Plaintiff's business in its partnership with other software providers, its methods of designing and constructing work flows and information sharing to create efficiencies for recruiting and corporate clients.

(Second Amd. Compl. ¶ 18).

6

To plead a claim for trade secret misappropriation under CUTSA, the complaint must assert (1) the existence of a trade secret, and (2) misappropriation of the trade secret. Trade secret means:

> . . . information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

Cal. Civ. Code 3426.1.

Defendants argue that plaintiff has not made reasonable effort to maintain the secrecy of its alleged trade secrets because they have all been publicly disclosed on plaintiff's website (Opp. 3–5). If this turns out to be true, then pleaintiff's counsel will owe an explanation. For now, however, this argument is not persuasive, inasmuch as it resides beyond the pleadings.

That being said, grave doubts remain as to whether or not these alleged secrets will rise to the level of true trade secrets. Trade secret claims are general by nature. To require more detail would force plaintiff to disclose, in a publicly filed pleading, the very secrets it seeks to protect. On the other hand, the countervailing concern is that such broad claims make it difficult for defendants, or a court for that matter, to determine the contours of the secrets allegedly misappropriated.

Here, the one paragraph in the proposed second amended complaint describing plaintiff's trade secrets could be read so broadly as to incorporate everything about its business practices. Such ambiguity leaves defendants unable to effectively frame their responsive pleading.

Pursuant to the Uniform Trade Secrets Act, before the commencement of discovery, "the party alleging the misappropriation shall identify the trade secret with reasonable particularity." Cal. Code Civ. Proc. 2019.210. While our court of appeals has not decided whether Section 2019.210 applies to actions in federal court, "the reasoning of the cases applying section 2019.210 [are] more persuasive." *Soc. Apps, LLC v. Zynga, Inc.*, 2012 WL 2203063 (N.D. Cal. June 24, 2012) (Judge Yvonne Gonzalez Rogers). This order agrees and the trade secret disclosure provisions in Section 2019.210 of the California Code of Civil Procedure shall be applied here. Whether or not our court of appeals eventually holds Section 2019.210 is

7

mandatory, this order will, as a matter of discretion in case management, follow the statute.

Section 2019.210 states:

> In any action alleging the misappropriation of a trade secret . . . the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code.

Section 3426.5 states:

> In an action under this title, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.

Cal. Code Civ. Proc. 3426.5.

Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendants' files, and then cleverly specify what ever happens to be there as having been trade secrets stolen from plaintiff. A true trade secret plaintiff ought to be able to identify, up front, and with specificity the particulars of the trade secrets without any discovery. This order will not allow this old trick of vague pleading with the blanks to be artfully filled in only after discovery.

For each trade secret, plaintiff must file, and serve on counsel, a statement, *under seal*, that should include: (1) a summary of the specific trade secret; (2) the background of the trade secret and a description of how each secret has derived independent, actual or potential economic value by virtue of not being generally known to the public; (3) a description of how each secret has been the subject of reasonable efforts to maintain its secrecy; and finally (4) each of the precise claimed trade secrets, numbered, with a list of the specific elements for each, as claims would appear at the end of a patent. Plaintiff may not take any discovery *at all* until a satisfactory statement has been filed under seal and served on counsel for defendants. Plaintiff's filing shall be for trial counsel's eyes only. Defendants may take discovery immediately, inasmuch as they are not asserting any trade secrets.

Plaintiff's motion to amend the complaint and add a claim for the misappropriation of trade secrets, other than its software code, is **GRANTED**. Plaintiff has not, however, identified the

8

1  trade secrets with reasonable particularity. Accordingly, plaintiff must in a separate filing,
2  identify more precisely the trade secrets asserted, as outlined above.

## CONCLUSION

For the reasons stated above, plaintiff's motion for leave to file a second amended complaint is **GRANTED** as to its constructive fraud and unfair competition law claims. Plaintiff's motion for leave is **GRANTED IN PART AND DENIED IN PART** as to its trade secret claim. Plaintiff's motion for leave is **DENIED** as to its claim for breach of implied covenant of good faith. Plaintiff will be given no more chances to amend its claim for breach of implied covenant of good faith. An answer is due in fourteen calendar days; there will be no more motions to dismiss.

Plaintiff must file (*under seal*) a detailed description of the trade secrets it alleges were misappropriated. This should be filed by **MARCH 20, 2014**. Defendants have until **MARCH 27** to respond. If the parties choose to file an opposition or reply as to any motion filed on March 20, they will be noticed on the normal 35-day track.

This order need not address the inspection and discovery problems concerning the source code ordered at the hearing orally.

**IT IS SO ORDERED.**

Dated: February 28, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9