IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOBSCIENCE, INC, | No. C 13-04519 WHA |
| Plaintiff, | |
| v. | |
| CVPARTNERS, INC, et al., | **ORDER RE MOTION TO QUASH** |
| Defendants. | |

On April 9 at 11:13 a.m., plaintiff filed a motion to shorten time, appending a "motion to quash subpoenas to plaintiff's expert Kenneth Amron or in the alternative for a protective order," noticed for April 17 (this date is not available on the undersigned judge's calendar).

At 4:45 p.m., plaintiff filed a notice to "withdraw its motion to shorten time to hear plaintiff's motion to quash subpoena and for protective order" (Dkt. No. 56). The motion to shorten time is thus **DENIED AS MOOT**. The notice, however, is ambiguous about whether the motion to quash proceeds, whether the motion will be briefed, and whether the parties seek a hearing on the motion. In any event, the motion to quash does not comply with the rules.

*First*, an October 2012 order stated that requests for discovery relief must be summarized in a letter not to exceed three pages, after the parties have met and conferred (Dkt. No. 17). This was not done. Instead, plaintiff filed a noticed motion exceeding three pages.

*Second*, before a discovery request or motion is entertained, the parties must have previously conferred for the purpose of attempting to resolve all disputed issues. *See* FRCP 26(c), Local Rule 37-1, October 2012 order.  The letter brief or motion should so certify.  Here, on April 7, plaintiff emailed lead counsel for defendants.  On April 8, plaintiff left a message with defense counsel's assistant.  On April 9 at 11:13 a.m., plaintiff filed this motion without a meet-and-confer (Terry Decl. ¶ 5).  The parties must meet-and-confer in person or via telephone in a good-faith effort to resolve all discovery disputes.  If and only *if* this has been done and a dispute remains, the parties may file a discovery letter in accordance with the October 2012 order.  The parties will then be required to attend an in person meet-and-confer in the Court's jury room and a discovery hearing will be set.  Only attorneys who personally participate in the meet-and-confer may be heard at the hearing.

**IT IS SO ORDERED.**

Dated:   April 10, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2